# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CRISTA DOUGHERTY and ANGEL DOUGHERTY, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**DREW UNIVERSITY,**<br><br>Defendant. | Civil Action No. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant Drew University ("Drew"), by and through its undersigned counsel, hereby removes, with reservation of all defenses, the above-captioned action from the Superior Court of New Jersey (Morris Vicinage) to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453(b). In support of this Notice of Removal, Drew states as follows:

**I.    BACKGROUND**

1. This case was originally filed on May 28, 2020, in the United States District Court for the District of New Jersey, Docket No. 2:20-cv-06518-SRC-CLW.

2. After Drew moved to dismiss, Plaintiffs filed an Amended Complaint, which they subsequently voluntarily dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i), on September 9, 2020.

3. On December 14, 2020, Plaintiffs refiled this action in the Superior Court of New Jersey (Morris Vicinage), under Case No. MRS-L-002601-20. A copy of the Complaint is attached as Exhibit A.

4. Drew agreed to accept service of the Complaint on December 15, 2020.

5. In the Complaint, Plaintiffs are seeking to recover from Drew a "pro-rated portion of tuition and fees [they paid], proportionate to the amount of time that remained in the Spring 2020 Semester when classes moved online and campus services ceased being provided" as a result of COVID-19. Ex. A, ¶ 12.

6. Plaintiffs allege that as a result of COVID-19 Drew transitioned from in-person instruction to virtual instruction approximately half-way through the Spring 2020 Semester. *Id.*, ¶11.

7. Plaintiffs allege that they paid Drew approximately $8,000 in tuition and fees for the Spring 2020 Semester, but did not receive the education that they were promised. *Id.*, ¶¶ 8–9.

8. Plaintiffs allege further that Drew charged full-time undergraduate students approximately $19,914.00 in tuition and fees and full-time graduate students approximately $11,124.00 in tuition and fees for the Spring 2020 Semester. *Id.*, ¶ 21.

9. Plaintiffs are asserting claims against Drew for breach of contract, unjust enrichment, conversion and money had and received (the "Claims"). *See id.*, Counts I–IV.

10. Plaintiffs are not only pursuing the Claims individually, but also seek to pursue the Claims on behalf of a class that they define as: "All persons enrolled at [Drew] for the Spring 2020 term or any subsequent term who paid [Drew], in whole or in part, tuition, fees, and/or room and board." *Id.*, ¶ 40.

11. In their Prayer for Relief, Plaintiffs seek, among other things, compensatory damages, punitive damages, pre-judgment interest, restitution, all other forms of equitable monetary relief, and an award of reasonable attorneys' fees, expenses and costs of suit   *See* Ex. A, Prayer for Relief.

## II.   GROUNDS FOR REMOVAL

12. As of the date of this Notice of Removal, the Complaint, a Notice of Track Assignment, a Stipulation Extending Time to Answer, Move or Otherwise Respond to the Complaint, a Stipulation Setting a Briefing Schedule, and Proof of Due Diligence constitute all pleadings, process, and other documents served upon Drew in this action. These pleadings, process and other documents are attached as Exhibit B.

13. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days of December 15, 2020, which is the date when Drew accepted service of the Complaint.

14. The filing of the Notice of Removal in this Court is appropriate because the District of New Jersey is the District where the state court action is pending. *See* 28 U.S.C. §§ 1446(a) and 1441(a).

15. Removal is proper under 28 U.S.C. §§ 1441, 1453(b), and 1446 because this Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332(d)(2).

16. Under 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA"), this Court has jurisdiction because this matter involves a putative class action, and: (i) at least one member of the putative class is a citizen of a state different from Drew ("Minimum Diversity"); (ii) the number of proposed class members is 100 or more; and (iii) the amount in controversy as pled exceeds $5 million in the aggregate, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1332(d)(6).

**A.     *The Minimal Diversity requirement is satisfied.***

17. Defendant Drew is a private university located and headquartered in Madison, New Jersey. Ex. A, ¶ 15.

18. Plaintiffs, Crista and Angel Dougherty, are citizens of the State of New Jersey and reside in Lake Hopatcong, New Jersey. *Id.*, ¶¶ 13–14.

19. The putative class consists of "All persons enrolled at Defendant for the Spring 2020 term or any subsequent term who paid Defendant, in whole or in part, tuition, fees, and/or room and board." *Id.*, ¶ 40.

20. At least one member of this putative class is a citizen of a State other than New Jersey. *See id.*, ¶ 2; *see also* CollegeSimply, Drew University Demographics & Diversity (recognizing that 34% of Drew's students are from out-of-state), https://tinyurl.com/y2pn5y93 (last visited Jan. 4, 2021).

### B. The putative class has more than 100 members.

21. Plaintiffs allege that Drew has a total enrollment of more than 2,000 students. *Id.*, ¶ 2

22. A fair reading of the Complaint and the class definition reveals that the number of members in the putative class exceeds 100. *Id.*, ¶¶ 2, 40.

### C. The amount in controversy requirement is satisfied.

23. The allegations in the Complaint demonstrate that the amount in controversy easily exceeds $5 million in the aggregate, exclusive of interests and costs.

24. Although the Complaint does not demand a precise amount of damages, the Court can look at a reasonable reading of the Complaint and a Notice of Removal to determine if the amount in controversy is satisfied under CAFA. *See Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144 (3d Cir. 2009) ("In removal cases, the court

begins evaluating jurisdiction by reviewing the allegations in the complaint and in the notice of removal."); *see also Frederico v. Home Depot*, 507 F.3d 188, 196 (3d Cir. 2007) ("Because the complaint may be silent or ambiguous on one or more of the ingredients needed to calculate the amount in controversy, a defendant's notice of removal serves the same functions as the complaint would . . ."). When the amount in controversy is premised on allegations in the plaintiff's complaint, then "jurisdictional facts are not expressly in dispute between the parties for the purpose of determining CAFA jurisdiction," *Hoffman v. Nat. Factors Nutritional Prods.*, Civil Action No. 12-7244-ES-SCM, 2013 U.S. Dist. LEXIS 140931, at *8 (D.N.J. Aug. 27, 2013), and the amount-in-controversy requirement is satisfied "unless it appears, to a legal certainty, that the plaintiff was never entitled to recover the jurisdictional amount," *Kaufman*, 561 F.3d at 151.

25. In the Complaint, Plaintiffs are seeking, among other things, to recover 50% of the tuition and fees that they and members of the putative class paid to Drew during the Spring 2020 Semester. Ex. A, ¶ 12.

26. Plaintiffs allege that their proposed class consists of "[a]ll persons enrolled at [Drew] for the Spring 2020 term or any subsequent term who paid [Drew], in whole or in part, tuition, fees, and/or room and board." *Id.*, ¶ 40.

27. Plaintiffs allege that there are approximately 2,000 students enrolled at Drew. *Id.*, ¶ 2.

28.   Plaintiffs allege that they paid Drew approximately $8,000 in tuition and fees for the Spring 2020 Semester, while other full-time undergraduate students paid approximately $19,914.00 in tuition and fees and other full-time graduate students approximately $11,124.00 in tuition and fees for the Spring 2020 Semester. *Id.*, ¶¶ 13, 14, and 21.

29.   Assuming, conservatively, that all members of the putative class paid Drew on average $8,000 in tuition and fees for the Spring 2020 Semester, then the aggregate amount in controversy (exclusive of punitive damages, pre-judgment interest and attorneys' fees and costs) that Plaintiffs seek to recover is approximately $8,000,000.[1] This amount exceeds the jurisdictional amount in controversy requirement under 28 U.S.C. § 1332(d).

30.   Because this case satisfies all the requirements under 28 U.S.C. § 1332(d)(2), this action is removable to the United States District Court for the District of New Jersey.

---

[1] This amount is calculated as follows:

50% of $8,000 in tuition paid = $4,000

2,000 students X $4,000 = $8,000,000.

31. Written notice of this Notice of Removal shall be given to Plaintiffs and a copy shall be filed with the Superior Court of New Jersey (Morris Vicinage) pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Drew University removes this action to the United States District Court for the District of New Jersey.

| | |
|---|---|
| Date: January 6, 2021 | /s/ *Angelo A. Stio III* <br> Angelo A. Stio III <br> Michael E. Baughman <br> **TROUTMAN PEPPER HAMILTON SANDERS LLP** <br> 301 Carnegie Center, Suite 400 <br> Princeton, New Jersey 08543 <br> (609) 951-4125 <br><br> *Attorneys for Defendant Drew University* |