# EXHIBIT A

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (NJ Bar No. 118322014)
888 Seventh Avenue
New York, NY 10019
Tel.: (646) 837-7150
Fax: (212) 989-9163
Email: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (*pro hac vice* forthcoming)
Neal J. Deckant (*pro hac vice* forthcoming)
1990 N. California Blvd., Suite 940
Walnut Creek, CA 94596
Tel.: (925) 300-4455
Fax: (925) 407-2700
Email: ltfisher@bursor.com
        ndeckant@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot (*pro hac vice* forthcoming)
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Tel.: (305) 330-5512
Fax: (305) 676-9006
Email: swestcot@bursor.com

*Attorneys for Plaintiffs*

|  |  |
|---|---|
| CRISTA DOUGHERTY and ANGEL DOUGHERTY, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>DREW UNIVERSITY,<br><br>      Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: CIVIL PART<br>MORRIS COUNTY<br><br>DOCKET NO. _____<br><br><u>Civil Action</u><br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Crista Dougherty ("Ms. Dougherty") and Angel Dougherty ("Angel") (collectively, "Plaintiffs") bring this action on behalf of themselves and all others similarly situated against Defendant Drew University ("Drew University" or "Defendant").  Plaintiffs make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge.

## NATURE OF THE ACTION

1.      This is a class action lawsuit on behalf of all people who paid tuition and fees for the Spring 2020 Semester at Drew University, and who, because of Defendant's response to the novel Coronavirus ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services for which their fees were paid, without having their tuition and fees refunded to them.

2.      Drew University is private university with a total enrollment of more than 2,000 students across its three schools, which include the College of Liberal Arts, the Drew Theological School, and the Caspersen School of Graduate Studies.  Drew University offers undergraduate major concentrations in 31 academic areas and minor concentrations through the College of Liberal Arts. Drew University also offers a number of graduate-level degree programs through its Theological and Caspersen schools, including master's and Ph.D. degrees.[1]

3.      Plaintiffs and Defendant entered into a contractual agreement whereby Plaintiffs would provide payment in the form of tuition and fees and Defendant, in exchange, would provide in-person educational services, experiences, opportunities, and other related services.  The terms of the contractual agreement were set forth in publications from Drew University, including in the Drew University Academic Catalog (the "Academic Catalog"), specifically the 2019-2020 College of Liberal Arts Academic Catalog.[2]

---

[1] http://www.drew.edu/academics/programs-of-study/ (last accessed December 9, 2020).

[2] http://catalog.drew.edu/index.php?catoid=31 (last accessed December 9, 2020).

1

4.      The Academic Catalog is directed at students, including Plaintiff Angel Dougherty and Class Members.

5.      When Plaintiffs and Class Members sought to enter into a contractual agreement with Defendant for the provision of educational services for the Spring 2020 Semester, Plaintiff Angel Dougherty and Class Members viewed the Academic Catalog to make specific course selections prior to registering and paying for selected courses.

6.      The Academic Catalog provided Plaintiff Angel Dougherty and Class Members with information regarding the courses offered, the relevant department, credit hours, classroom activities, and the manner in which each course is to be held.

7.      On March 10, 2020, Defendant, via Drew University President MaryAnn Baenninger, announced that "[a]ll face to face classes are cancelled [from] … March 11-13[,]" and that, because of the global COVID-19 pandemic, all previously live classes would be conducted remotely beginning March 16, 2020, through at least April 3, 2020.[3]  Then, in an update dated March 17, 2020, President Baenninger announced the "suspension of most campus operations" and that remote learning would continue through the remainder of the semester and finals week.[4]

8.      Thus, Drew University has not held any in-person classes since at least March 10, 2020.  Classes that have continued have only been offered in an online format, with no in-person instruction.

9.      As a result of the closure of Defendant's facilities, Defendant did not deliver the educational services, facilities, access and/or opportunities for which Plaintiffs and the putative Class contracted and paid.  The online learning options being offered to Drew University students were subpar in practically every aspect, from the lack of facilities, materials, and access to faculty.  Students

---

[3] http://www.drew.edu/1/emergency-information/coronavirus-disease-2019-covid-19-2/communications-to-the-drew-community/ (last accessed December 9, 2020).

[4] *See id.*

were deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.  The remote learning options were in no way the equivalent of the in-person education for which Plaintiffs and Class Members contracted and paid.

10.     Nonetheless, Defendant has not refunded any tuition or fees for the Spring 2020 Semester.

11.     Defendant did not provide in-person education, experiences, or related services for approximately 49% of the Spring 2020 Semester.  Plaintiffs did not enter into an agreement with Defendant for online education, but rather sought an *in-person* education from Defendant's institution.  Plaintiffs and the putative Class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access, and/or opportunities that Defendant has not provided.  Even if Defendant claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it failed to provide.

12.     Through this lawsuit Plaintiffs seek, for themselves and Class Members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring 2020 Semester when classes moved online and campus services ceased being provided.  Plaintiffs seek a return of these amounts on behalf of themselves and the Class as defined below.

## THE PARTIES

13.     Plaintiff Angel Dougherty ("Angel") is a citizen of New Jersey who resides in Lake Hopatcong, New Jersey.  During the Spring 2020 Semester, Angel was an undergraduate student at Drew University majoring in Fine Arts and minoring in Art History.  Angel is currently an alumnus of Drew University, having completed her undergraduate degree requirements and graduated at the end of the Spring 2020 Semester.  Angel's field of study at Drew University relies extensively on in-person instruction, feedback, and a high level of collaboration, which is made more feasible through

3

in-class instruction.  Moreover, in-person classes are critical to Angel's degree program, as it involves a live senior gallery show, which is not possible in a virtual academic environment.  Further, Angel's art classes were supposed to involve a feature of guest lecturers throughout the semester who were going to attend various classes to observe at the students' art, interact with the students, critique their work, and provide lectures on specialized subject matters.  After all classes at Drew University went online, however, Angel was not able to receive and/or benefit from the one-on-one evaluations and critiques with professors and guest lecturers that she was promised and had expected at the time of enrollment for the Spring 2020 Semester.  Indeed, none of the abovementioned resources were available to her while in-person classes were suspended and Defendant's campus was closed.  Also as a result of Drew University's campus closure, Angel was unable to engage in an internship during the Spring 2020 Semester, which Drew University had emphasized was crucial for securing employment following graduation.  Defendant's decision to close campus also deprived Angel of her ability to participate in an in-person commencement ceremony, which Drew University had organized and held each May since its founding in 1950 until the Spring 2020 Semester, when no in-person commencement ceremony was held for the first time in 70 years.[5]  Angel's mother, Ms. Crista Dougherty, paid approximately $8,000 to Defendant for Angel's tuition for the Spring 2020 Semester.  Ms. Dougherty also paid, on Angel's behalf and for her benefit, mandatory fees for the Spring 2020 Semester at Drew University, including an "Art Fee" of $75.00, a "Parking Fee" of $200.00, and a

---

[5] *See* https://www.drew.edu/commencement/apply-to-graduate/ (last accessed December 9, 2020) ("Drew University has one graduation ceremony and three degree conferral dates."); *see also* https://www.drew.edu/registrars-office/about-us/students/graduation-guidelines-for-all-drew-students/#ceremonyparticipation (last accessed December 9, 2020) ("Undergraduate, Caspersen, and Theological students are permitted to walk in commencement if they have applied to graduate and meet the academic requirements by commencement day.").

*See also* http://www.drew.edu/1/emergency-information/coronavirus-disease-2019-covid-19-2/communications-to-the-drew-community/ (last accessed December 9, 2020) (acknowledging "the implications this shift causes for … [Drew] students, who are undoubtedly upset about losing time with friends and mentors and *no longer having access to Drew's research and performance facilities and immersive experiences, as well as missing out on time-honored traditions like athletic contests and Commencement*, scheduled for May 9") (emphasis added).

4

"Technology Fee" of $125.00.  Neither Angel, nor Ms. Dougherty, has been provided a refund of any monies paid in tuition or fees for the Spring 2020 Semester, despite the fact that in-person classes were not held after March 10, 2020.

14.     Plaintiff Crista Dougherty ("Ms. Dougherty") is a citizen of New Jersey who resides in Lake Hopatcong, New Jersey.  Ms. Dougherty's daughter, Ms. Angel Dougherty, was an undergraduate student during the Spring 2020 semester at Drew University.  For her daughter's benefit, Ms. Dougherty paid approximately $8,000 in tuition to Defendant for the Spring 2020 Semester.  Ms. Dougherty also paid, on Angel's behalf and for her benefit, mandatory fees for the Spring 2020 Semester, including an "Art Fee" of $75.00, a "Parking Fee" of $200.00, and a "Technology Fee" of $125.00.  Ms. Dougherty made such tuition and mandatory fee payments using a debit card on which she is the primary cardmember.  As the primary cardmember, Ms. Dougherty is financially responsible for any debits posted to that checking account.  Ms. Dougherty has not been provided a refund of any monies paid in tuition or fees for the Spring 2020 Semester, despite the fact that in-person classes were not held after March 10, 2020.

15.     Defendant Drew University is a is a private university with its principal place of business at 36 Madison Ave, Madison, New Jersey 07940.

## VENUE AND JURISDICTION

16.     This Court has personal jurisdiction over Drew University because it is located in Madison, New Jersey, it is headquartered and regularly conducts business in this state, and otherwise has sufficient minimum contacts with New Jersey to justify the exercise of jurisdiction.

17.     Venue is appropriate in Morris County, New Jersey because Defendant is located within Morris County.  And on information and belief, events and transactions causing the claims herein, including Defendant's decision-making regarding its refund policy challenged in this lawsuit, has occurred within Morris County.

## FACTUAL ALLEGATIONS

### *Plaintiffs And Class Members Paid Tuition And Fees For The Spring 2020 Semester*

18.      Plaintiffs and Class members are individuals who paid the cost of tuition and other mandatory fees for the Spring 2020 Semester at Drew University.

19.      Spring 2020 Semester classes at Drew University began on or around January 13, 2020, and final exams for the Semester were scheduled to end on or around May 6, 2020.[6]

20.      Plaintiffs and Class members paid the cost of tuition for the Spring 2020 Semester. They also paid other mandatory fees associated with the Spring 2020 Semester.

21.      Approximate tuition costs at Drew University for the Spring 2020 Semester are $19,914.00 for full-time undergraduate students and $11,124.00 for full-time graduate students.[7]

22.      Fees paid by or on behalf of Drew University students vary based on school.  By way of example, undergraduate students at Drew University's College of Liberal Arts for Spring Semester 2020 paid mandatory fees including but not limited to a general fee of $291.00 and a technology fee of $125.00.[8]

23.      The tuition and fees described in the paragraphs above are provided by way of example; total damage amounts – which may include other fees that are not listed herein but that were not refunded – will be proven at trial.

### *The Academic Catalog For The Spring 2020 Semester Is Replete With Promises And Representations Regarding In-Person Instruction And Activities*

24.      The Academic Catalog for the Spring 2020 Semester at Drew University contains numerous promises and representations relating to in-person instruction and activities.

---

[6] *See* CLA Academic Calendar 19-20, *available at* https://www.drew.edu/registrars-office/about-us/academic-calendars/ (last accessed December 9, 2020).

[7] http://www.drew.edu/financial-aid/cost-of-attendance/ (last accessed December 9, 2020).

[8] https://www.drew.edu/university-finance/wp-content/uploads/sites/107/2020/03/2019-2020-CLA-Revised-03.02.2020.pdf (last accessed December 9, 2020).

25.     For example, in Senior Studio II (ART 392) for the Spring 2020 Semester – a course taken by Plaintiff Angel Dougherty and paid for by Plaintiff Crista Dougherty, for Plaintiff Angel's benefit – Drew University promises a "senior exhibition in the Korn Gallery" and "[w]eekly critiques" by "visiting artists:"



26.     In Drawing I (ART 106), Drew University promises "[s]tudio activities [that] are grounded in observation and use [of] various wet and dry media:"



27.     In Photography II (ART 230), Drew University promises that students can "use film cameras, process black and white film, and produce gelatin silver prints in the darkroom." The course also "includes a photography field trip to New York City:"



28.      In Ceramic Sculpture (ART 112), Drew University promises that students will receive an "[e]xploration of handbuilding techniques, glazing and firing, mold making and casting:"



29.      In Microbes in Health and Disease (BIOL 103), Drew University promises that "[l]ectures are complemented with case studies, student presentations, hands-on activities during class time, and a site visit to a nearby sewage treatment plant:"



30.      In Ecology and Evolution (BIOL 150), Drew University promises that the course includes "field-based investigations of upland and wetland ecosystems, as well as simulations and laboratory experiments:"



31.    In Microbiology (BIOL 252), Drew University promises that "[l]aboratory work incorporates methods of bacterial isolation and identification, including microscopy, use of selective and differential media, biochemical and serological tests, and rapid ID methods:"



32.    The Academic Catalog contains many additional examples of promises relating to in-person instruction and activities. Plaintiffs hereby incorporate the Academic Catalog into the Complaint by reference.

***In Response To COVID-19, All Drew University Campuses Were Closed And All In-Person Classes Were Cancelled***

33.    On March 10, 2020, Drew University President MaryAnn Baenninger announced that, because of the global COVID-19 pandemic, effective immediately, all in-person classes would be suspended through at least April 3.  On March 17, 2020, President Baenninger announced that all classes at Drew University would continue to be held in online/remote format through the end of the Spring 2020 Semester.

34.    As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities for which Plaintiffs and the putative Class contracted and paid.  Plaintiffs and the putative Class are therefore entitled to a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendant has not provided.  Even if Defendant claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

35.    Plaintiff Angel Dougherty and the Class did not choose to attend an online institution of higher learning, but instead chose to attend Defendant's institution and enroll and/or pay for enrollment on an in-person basis.

36.    Defendant markets the on-campus experience at Drew University as a benefit of enrollment on Defendant's website:[9]

 

**Inclusiveness**                                              **Environment**



Launch your life in a powerful community. Drew is a busy and welcoming place, with hundred of ways to make your mark. Here in The Forest, students are empowered to find their best selves in a wealth of campus activity. And they're encouraged, through Launch, to connect with the wide, wide world of opportunity.

"

I chose Drew because I loved the camaraderie of the students and neighborhood atmosphere at Drew. Plus, there are so many great opportunities here. It blew me away. "

**—Brian Dagostino '20**
Media and Communications major, Drew Rangers baseball team; internship with New York Yankees

---

[9] *See* http://www.drew.edu/about/accolades/ (last accessed December 9, 2020); http://www.drew.edu/campus-life/ (last accessed December 9, 2020).



37.     The online learning options being offered to Drew University students are subpar in practically every aspect and a shadow of what they once were, from the lack of facilities, materials, and access to faculty.  Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.  This is particularly true for students like Ms. Angel Dougherty, who is pursuing a Bachelor's Degree in Fine Arts, because she is unable receive in-person instruction, feedback, or critique.  Under these circumstances, Angel was unable to collaborate or use on-campus resources in the manner necessary for success in her field of study.  Moreover, office hours for professors are essentially non-existent given that professors are unable to see their students to provide in-person assistance.  Email is simply no substitute for instances where additional teaching is required.

38.     The remote learning options are in no way the equivalent of the in-person education for which Plaintiffs and Class Members contracted and paid.  The remote education provided was not even remotely worth the amount charged Class Members for Spring 2020 Semester tuition.  The tuition and fees for in-person instruction at Drew University are higher than tuition and fees for other

11

online institutions because such costs cover not only the academic instruction at Drew University, but encompass an entirely different experience which includes but is not limited to:

- Face to face interaction with professors, mentors, and peers;

- Access to facilities such as libraries, laboratories, computer labs, and study room;

- Student governance and student unions;

- Extra-curricular activities, groups, intramural sports, etc.;

- Student art, cultures, and other activities;

- Social development and independence;

- Hands on learning and experimentation;

- Networking and mentorship opportunities.

39.      Through this lawsuit Plaintiffs seek, for themselves and on behalf of the Class, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring 2020 Semester when classes moved online, and campus services ceased being provided.  Plaintiffs seek return of these amounts on behalf of themselves and the Class as defined below.

## **CLASS ACTION ALLEGATIONS**

40.      Plaintiffs sue under New Jersey Court Rule 4:32-1(a), (b)(2), and (b)(3) on behalf of themselves and a Class defined as follows:

> All persons enrolled at Defendant for the Spring 2020 term or any subsequent term who paid Defendant, in whole or in part, tuition, fees, and/or room and board.

Excluded from the Class is Defendant, any entity in which Defendant has a controlling interest, and Defendant's legal representatives, predecessors, successors, assigns, and employees.  Further excluded from the Class is this Court and its employees.  Also excluded from the class are students who enrolled in Drew University education programs that Drew University completely and exclusively offered

online prior to March 2020.  Plaintiffs reserve the right to modify or amend the Class definition including through the creation of sub-classes if necessary, as appropriate, during this litigation.

41.     The definition of the Class is unambiguous.  Plaintiffs are members of the Class they seek to represent.  Class Members can be notified of the class action through contact information and/or address lists maintained in the usual course of business by Defendant.

42.     Per Rule 4:32-1(a)(1), Class Members are so numerous and geographically dispersed that their individual joinder of all Class Members is impracticable.  The precise number of Class Members is unknown to Plaintiffs but may be ascertained from Defendant's records.  However, given the thousands of students enrolled at Defendant in a given year, that number greatly exceeds the number to make joinder possible.  Class Members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

43.     Defendant has acted or refused to act on grounds generally applicable to Plaintiffs and the Class Members, making appropriate final injunctive relief and declaratory relief regarding the Class under Rule 4:32-1(b)(2).

44.     Consistent with Rule 4:32-1(a)(2), Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by the Class Members.  Similar or identical legal violations are involved.  Individual questions pale by comparison to the numerous common questions that predominate.  The injuries sustained by the Class Members flow, in each instance, from a common nucleus of operative facts—Defendant's campus closure and student evictions, its complete transition to online classes, and Defendant's refusal to fully refund tuition, fees and/or room and board.

45.     Additionally, common questions of law and fact predominate over the questions affecting only individual Class Members under Rule 4:32-1(a)(2) and Rule 4:32-1(b)(3).  Some of the common legal and factual questions include:

a.     Whether Defendant engaged in the conduct alleged;

b.     Whether Defendant's actions deprived Plaintiffs and the Class Members of benefits for which they already paid, including the benefit of in-person instruction, housing, meals, and student activities;

c.     Whether Defendant has a policy and/or procedure of denying refunds, in whole or in part, to Plaintiffs and the Class Members;

d.     Whether Defendant breached identical contracts with Plaintiffs and the Class Members;

e.     Whether Defendant violated the common law of unjust enrichment;

f.     Whether Defendant converted Plaintiffs and the Class Members refunds and/or rights to refunds; and

g.     The nature and extent of damages and other remedies to which the conduct of Defendant entitles the Class Members.

46.     The Class Members have been damaged by Defendant through its practice of denying refunds to Class Members.

47.     Plaintiffs' claims are typical of the claims of the other Class Members under Rule 4:32-1(a)(3), in that, among other things, all Class and Subclass members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein.  Plaintiff Angel Dougherty was a student enrolled at Drew University in the Spring 2020 term, and Plaintiff Crista Dougherty paid Defendant the cost of tuition and fees for her daughter Angel's benefit.  Like other Class Members, Plaintiffs were deprived of the benefit of their bargain when students were instructed

14

to leave Defendant's campus, forced to take online classes, and were completely or partially denied a refund for tuition, fees, and/or room and board.  Further, there are no defenses available to Defendant that are unique to Plaintiffs.

48.     Plaintiffs and Plaintiffs' counsel will fairly and adequately protect the interests of the Class as required by Rule 4:32-1(a)(4).  Plaintiffs are familiar with the basic facts that form the bases of the Class Members' claims.  Plaintiffs' interests do not conflict with the interests of the other Class Members they seek to represent.  Plaintiffs have retained counsel competent and experienced in class action litigation and intends to prosecute this action vigorously.  Plaintiffs' counsel has successfully prosecuted complex class actions, including consumer protection class actions.  Plaintiffs and Plaintiffs' counsel will fairly and adequately protect the interests of the Class Members.

49.     The class action device is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and the Class Members under Rule 4:32-1(b)(3).  The relief sought per individual members of the Class is small given the burden and expense of individual prosecution of the potentially extensive litigation necessitated by the conduct of Defendant.  It would be virtually impossible for the Class Members to seek redress individually.  Even if the Class Members themselves could afford such individual litigation, the court system could not.

50.     In addition, under Rule 4:32-1(b)(3)(A), individual litigation of the legal and factual issues raised by the conduct of Defendant would increase delay and expense to all parties and to the court system.  The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

51.     Under Rule 4:32-1(b)(3)(C), it is desirable to concentrate the litigation of the aims of Plaintiffs and Class Members in this forum given that Defendant is located within this judicial district and discovery of relevant evidence will occur within this district.

52.      Given the similar nature of Class Members' claims and the absence of material differences in the state statutes and common laws upon which the Class Members' claims are based, a nationwide Class will be easily managed by the Court and the parties per Rule 4:32-1(b)(3)(D).

### COUNT I
### Breach Of Contract
### (On Behalf Of The Class)

53.      Plaintiffs restate and re-allege, and incorporates herein by reference, the preceding paragraphs as if fully set forth herein.

54.       Plaintiffs and Class Members entered into identical, binding contracts with Defendant.

55.      When Plaintiffs and Class Members sought to enter into a contractual agreement with Defendant for the provision of educational services for the Spring 2020 Semester, Plaintiff Angel Dougherty and Class Members viewed the Academic Catalog to make specific course selections prior to registering and paying for selected courses. Defendant's Academic Catalog constitutes an offer to enter a contractual agreement.

56.      The Academic Catalog provided Plaintiff Angel Dougherty and Class Members with information regarding the courses offered, the relevant department, credit hours, classroom activities, and the manner in which each course is to be held.

57.      Plaintiffs and Class Members' payment of tuition and fees were intended to cover in-person education, experiences, and services for the entirety of the Spring 2020 Semester.

58.      As part of the contract, and in exchange for the aforementioned consideration, Defendant promised to provide certain services, all as set forth above.  Plaintiffs and members of the Class fulfilled their end of the bargain when they paid monies due for Spring 2020 Semester tuition. Tuition for Spring 2020 Semester was intended to cover in-person educational services from January through May 2020.  In exchange for tuition monies paid, members of the Class were entitled to in-person educational services through the end of the Spring 2020 Semester.

59.     Defendant materially breached the parties' contractual agreement by failing to provide in-person educational services for the entirety of the Spring 2020 Semester.  The provisions of the contract breached by Defendant include, but are not limited to the provision setting forth the details of in-person educational services as described in the Academic Catalog for the Spring 2020 Semester. The Spring 2020 Semester Academic Catalog indicated classes would be administered in an in-person, on-campus setting.  The Academic Catalog did not make any reference to the administration of courses in an online format.

60.     Defendant has failed to provide the contracted for services and has otherwise not performed under the contract as set forth above by failing to provide in-person educational services. Defendant has retained monies paid by Plaintiffs and the Class for their Spring 2020 Semester tuition and fees, without providing them the benefit of their bargain.

61.     Plaintiffs and members of the Class have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the education, experience, and services to which they were promised and for which they have already paid.

62.     As a direct and proximate result of Defendant's breach, Plaintiffs and members of the Class are entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to reimbursement of certain tuition, fees, and other expenses that were collected by Defendant for services that Defendant has failed to deliver.  Defendant should return the pro-rated portion of any Spring 2020 Semester tuition and fees for education services not provided since Drew University shut down on March 10, 2020.

63.     Defendant's performance under the contract is not excused due to COVID-19.  Indeed, Defendant should have refunded the pro-rated portion of any education services not provided.  Even if performance was excused or impossible, Defendant would nevertheless be required to return the funds received for services it will not provide.

64.     Therefore, Defendant should return a pro-rata share of the tuition and fees paid by Plaintiffs and Class Members that relate to those in-person educational services that were not provided after Drew University shut down on or about March 10, 2020.  In-person educational services were not provided for approximately 49% of the Spring 2020 Semester.

## COUNT II
### Unjust Enrichment
### (On Behalf Of The Class In The Alternative)

65.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

66.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class against Defendant.

67.     Plaintiffs and members of the Class conferred a benefit on Defendant in the form of monies paid for Spring 2020 Semester tuition and other fees in exchange for certain service and promises.  Tuition for Spring 2020 Semester was intended to cover in-person educational services from January through May 2020.  In exchange for tuition monies paid, Class Members were entitled to in-person educational services through the end of the Spring Semester.

68.     Defendant voluntarily accepted and retained this benefit by accepting payment.

69.     Defendant has retained this benefit, even though Defendant has failed to provide the education, experience, and services for which the tuition and fees were collected, making Defendant's retention unjust under the circumstances.  Accordingly, Defendant should return the pro-rated portion of any Spring 2020 Semester tuition and fees for education services not provided since Drew University shut down on March 10, 2020.

70.     It would be unjust and inequitable for Defendant to retain the benefit, and Defendant should be required to disgorge this unjust enrichment.

71.     Defendant should be required to disgorge all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiffs and Class Members may seek restitution.

**COUNT III**
**Conversion**
**(On Behalf Of The Class)**

72.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

73.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class against Defendant.

74.     Plaintiffs and members of the Class have an ownership right to the in-person educational services they were supposed to be provided in exchange for their Spring 2020 Semester tuition and fee payments to Defendant.

75.     Defendant intentionally interfered with the rights of Plaintiffs and members of the Class when it moved all classes to an online format and discontinued in-person educational services for which tuition and fees were intended to pay.

76.     Plaintiffs and members of the Class demand the return of the pro-rated portion of any Spring 2020 Semester tuition and fees for education services not provided since Drew University shut down on March 10, 2020.

77.     Defendant's retention of the fees paid by Plaintiffs and members of the Class without providing the educational services for which they paid, deprived Plaintiffs and Class members of the benefits for which the tuition and fees paid.

78.     This interference with the services for which Plaintiffs and members of the Class paid damaged Plaintiffs and Class members in that they paid tuition and fees for services that will not be provided.

79.     Plaintiffs and members of the Class are entitled to the return of pro-rated portion of any Spring 2020 Semester tuition and fees for education services not provided since Drew University shut down on March 10, 2020.

### COUNT IV
### Money Had And Received
### (On Behalf Of The Class)

80.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

81.     Plaintiffs bring this claim individually and on behalf of the members of the Class against Defendant.

82.     Plaintiffs and members of the Class paid monetary funds to Defendant for tuition and fees for the Spring Semester 2020.

83.     Defendant has retained the monies paid by Plaintiffs and members of the Class for the Spring Semester 2020 while not providing in-person educational services, activities, opportunities, resources, and facilities for which those monies were paid.

84.     Additionally, Defendant retained monies paid by Plaintiffs despite not providing any instruction, online or otherwise, from March 15, 2020 until March 22, 2020.  This was a week in which normal classroom activities were scheduled.  Defendant did not proportionately extend the academic year to compensate Plaintiffs and Class Members for the lost instruction for which they had paid.

85.     Defendant is in possession of and holds money that belongs to Plaintiffs and the members of the Class in equity and good conscience.

86.     Defendant has been unjustly enriched by its retention of the funds Plaintiffs and the members of the Class paid Defendant for tuition and fees, and it is unconscionable for Defendant to retain funds to which it is not entitled.

87.     Defendant's unlawful retention of Plaintiffs' and Class Members' funds has damaged Plaintiffs and the members of the Class.

88.     Defendant owes Plaintiffs and members of the Class for money had and received, including, but not limited to, the amount of Plaintiffs' and Class Members' pro-rated tuition and fees for the Spring Semester 2020.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a)     For an order certifying the Class and naming Plaintiffs as representatives of the Class and Plaintiffs' attorneys as Class Counsel to represent the Class;

(b)     For an order finding in favor of Plaintiffs and the Class on all counts asserted herein;

(c)     For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(d)     For prejudgment interest on all amounts awarded;

(e)     For an order of restitution and all other forms of equitable monetary relief;

(f)     For injunctive relief as pleaded or as the Court may deem proper; and

(g)     For an order awarding Plaintiffs and the Class reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

Dated: December 14, 2020          Respectfully submitted,

**BURSOR & FISHERS, P.A.**

By:  s/ *Philip L. Fraietta*
         Philip L. Fraietta

Philip L. Fraietta (NJ Bar No. 118322014)

888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-Mail: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
L.  Timothy Fisher (*pro hac vice* app.  forthcoming)
Neal J.  Deckant (*pro hac vice* app.  forthcoming)
1990 North California Blvd.  Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
        ndeckant@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N.  Westcot (*pro hac vice* app.  forthcoming)
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

*Attorneys for Plaintiffs and the Proposed Class*

## <u>CERTIFICATION PURSUANT TO RULE 4:5-1</u>

Philip L. Fraietta, of full age, hereby certifies, as follows:

I am an attorney at law of the State of New Jersey, a Partner of the firm Bursor & Fisher, P.A., one of the attorneys for the Plaintiffs and the Putative Class in the above entitled matter, and I am fully familiar with the facts herein.

I hereby certify that, to the best of my knowledge, information, and belief, the within matter in controversy is not the subject of any other pending or contemplated court actions or arbitration proceedings. There are no related matters pending.

I further certify that, to the best of my knowledge, information, and belief, I am not aware of any nonparties who should be joined in the action.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: December 14, 2020

**BURSOR & FISHER, P.A.**
*Attorneys for Plaintiffs*

By:  *s/ Philip L. Fraietta*
      Philip L. Fraietta

# Civil Case Information Statement

## Case Details: MORRIS | Civil Part Docket# L-002601-20

**Case Caption:** DOUGHERTY CRISTA  VS DREW
UNIVERSITY

**Case Initiation Date:** 12/14/2020

**Attorney Name:** PHILIP LAWRENCE FRAIETTA

**Firm Name:** BURSOR & FISHER, P.A.

**Address:** 888 SEVENTH AVE

NEW YORK NY 10019

**Phone:** 6468377150

**Name of Party:** PLAINTIFF : Dougherty, Crista

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Crista Dougherty?** NO

**Are sexual abuse claims alleged by: Angel Dougherty?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Other(explain)   Paying College Tuition

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
       **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
       **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/14/2020
Dated

/s/ PHILIP LAWRENCE FRAIETTA
Signed